```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


CAROL MARIE, ET AL.                              CIVIL ACTION


V.                                               NO. 16-13138


BONEAFIED ORTHOPAEDICS, INC.,                    SECTION F
f/k/a VALLETTE & ASSOCIATES, INC., ET AL.
```

ORDER AND REASONS

Before the Court is the defendants' motion to stay matter pending transfer to MDL 2391.  For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit is one of about 2,500 cases involving metal-on-metal hip implants proceeding in federal court, almost all of which have been transferred for coordinated pretrial multidistrict litigation proceedings.

On October 2, 2012, the Judicial Panel on Multidistrict Litigation issued a transfer order establishing MDL Proceeding Number 2391.  The transfer order directed that product liability

1

cases involving Biomet hip implant related product liability actions be transferred for coordinated pretrial proceedings in the United States District Court for the Northern District of Indiana before Judge Robert L. Miller, Jr.  Of the nearly 2,500 cases that were coordinated into the Biomet hip implant MDL, approximately 275 remain pending in the MDL.  More than a dozen of these cases transferred into MDL No. 2391 have involved issues of subject matter jurisdiction and alleged fraudulent joinder of Biomet sales representatives and distributors.  The Judicial Panel on Multidistrict Litigation transferred the cases, including cases with motions to remand pending, and explained that MDL transfer would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation."

On May 31, 1016, Carol and Mary Marie instituted this litigation in state court in Jefferson Parish, Louisiana.  Alleging various claims arising out of Mr. Carol Marie's Biomet hip implant, Mr. Marie and his wife, Mary, named as defendants Biomet entities, as well as Steve Vallette and Boneafide Orthopaedics, Inc., a sales representative and distributor.  The Biomet entities removed this case to this Court, invoking the Court's diversity jurisdiction. In so doing, the Biomet defendants submit in their notice of removal that diversity of citizenship exists between all *properly joined* parties and that the Louisiana citizenship of Vallette and

Boneafide must be disregarded because Vallette and Boneafide were improperly joined to defeat diversity jurisdiction.

On July 28, 2016, the Judicial Panel on Multidistrict Litigation notified the parties in this lawsuit, by issuing a conditional transfer order, that it had determined this action to be appropriate for transfer to MDL 2391. That same day, the plaintiffs filed a motion to remand. The defendants now seek an order staying all pretrial activity in this case pending transfer by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, to In re Biomet M2a Magnum Hip Implants Products Liability, MDL No. 2391.[1]

I.

The defendants urge the Court to stay these proceedings pending the JPML's decision to transfer this case for coordinated pretrial proceedings taking place in the Biomet hip implant MDL pending in the Northern District of Indiana. The plaintiffs oppose the defendants' request for a stay, urging instead that the Court consider their remand motion that is set for hearing on August 31, 2016. Because there is no dispute that the claims advanced in the

---

[1] After the Biomet defendants moved to stay, they also moved for expedited hearing on their contested motion to stay or, alternatively, requested that the Court continue the hearing on the plaintiffs' motion to remand so that the motion to stay could be heard first. On August 3, 2016, the Court continued the hearing on the plaintiffs' motion to remand.

3

Maries' lawsuit fall within the scope of the October 2, 2012 transfer order, the Court in its discretion finds that a stay pending the JPML's decision on transfer is appropriate.  If the case is ultimately transferred, the transferee judge (as he has in other cases transferred to the MDL) will consider the fraudulent joinder and subject matter jurisdiction issues raised by the plaintiffs in their remand motion.

District courts routinely exercise their discretion to stay cases pending MDL transfer, particularly where doing so will promote judicial economy and minimize the risk of inconsistent pretrial rulings.  See, e.g., Rizk v. DePuy Orthopaedics, Inc., No. 11-2272, 2011 WL 4965498, at *3 (E.D. la. Oct. 19, 2011).  This is so even where plaintiffs have filed motions to remand before the transferor court.  See id.; see also Rec. Doc. 32 of Laman v. DePuy Orthopaedics, Inc., No. 10-4658 (E.D. La. Jan. 31, 2011)(Africk, J.)(granting defendants' motion to stay and deferring ruling on the plaintiff's motion to remand); see also Rec. Doc. 21 of Butler v. DePuy Orthopaedics, Inc., No. 10-4637 (E.D. La. Jan. 31, 2011)(Engelhardt, J.)(same).  Moreover, where, as here, the plaintiff has failed to demonstrate how a stay pending transfer might cause them undue prejudice, the Court finds that a temporary stay is appropriate.

The defendants' motion to stay is hereby GRANTED. Accordingly, IT IS ORDERED: that this matter is hereby stayed and administratively closed pending notification by the MDL Panel of its transfer decision.

New Orleans, Louisiana, August 17, 2016

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE